## SUPREME COURT.

### THE PEOPLE *ex rel.* JOHN SANDERSON agt. THE BOARD OF CANVASSERS OF GREEN COUNTY.

*Election Law — Duties of inspectors — When mandamus will issue to the board of county canvassers requiring them to remit to the inspectors a return made by them of the result of an election, for correction.*

The statutes of the state require the inspectors of election in their return to make a true statement of the result of the election held in their district, and until they have so done, their duty under the law remains undischarged.

If what purports to be a return has been made, which either by mistake or design is inaccurate and erroneous, they have not by making such erroneous statement and return discharged their duty under the law, and therefore as their duty is undischarged, they have not become *functus officio.*

Only when they have complied with the statute, by making an accurate and true return of the votes cast for a particular office and the votes cast for each candidate for the office, has their duty under the law been discharged.

Although a court should be careful not to needlessly cause a return to be sent back to the inspectors of an election district for correction, yet it should do so, whenever the facts and circumstances proved to the satisfaction of the tribunal show that a mistake has in fact been made.

*Greene Special Term, December,* 1882.

APPLICATION for a peremptory *mandamus.*

*J. I. & F. Werner* and *J. B. Olney,* for the relator.

*J. A. Griswold* and *G. Howard Jones,* for the board of county canvassers.

WESTBROOK, *J.*— This is an application for a peremptory *mandamus*, requiring the board of county canvassers to return to the inspectors of the first election district of the town of Hunter, county of Greene, the return made by such inspectors to the board of the result of the election held in November last for correction. The ground of the application is, that the return which was made by such inspectors is incorrect and inaccurate, and that a mistake was made in such return in regard to the votes cast in such district for the office of county judge of the county of Greene. It will not be necessary in disposing of this application to discuss with any degree of nicety all the contested facts which are presented upon this motion, and no attempt so to do will be made. It will be sufficient to state the prominent, and uncontested facts, and in connection therewith to consider the law applicable thereto.

By the return made to the board of county canvassers by the inspectors of election, Manly B. Mattice is therein stated to have received one hundred and seventy (170) votes for the office of county judge of the county; and the relator, John Sanderson, is therein stated to have received ninety-two (92) votes; and no votes whatever are therein declared to have been given for any other person for that office. Among the affidavits submitted on the part of the relator for the purpose of showing that such return is inaccurate and erroneous are those of Homer H. Payne, one of the inspectors of the election in such district; of Alvin S. Haines, another of such inspectors; and the affidavit of the relator, John Sanderson; the last-named individual, however, testifying not to facts within his own knowledge, but to information which he received from the third inspector, William O'Hara, and others. From such affidavits it appears that Manly B. Mattice received in such election district either one hundred and forty-nine (149) or one hundred and fifty (150) votes, and not one hundred and seventy (170) as contained in the return; and that John Sanderson received one hundred and eight

The People *ex rel.* Sanderson agt. Board of Canvassers of Green Co.

(108) votes at such district poll, and not ninety-two (92) as has been returned to the board of canvassers. In addition to this there were several votes cast for Eugene Raymond, who was also a candidate for the office of county judge at such election, which votes have not been returned nor stated in the result of the canvass as made to the county canvassers.

In opposition to this motion, among other affidavits presented by the board of county canvassers, is the affidavit of Homer H. Payne the inspector who made an affidavit for the relator, and that of Michael O'Hara, who was one of the clerks of the board in the district. Whilst the former gentleman undertakes to take back in part his previous sworn statement, yet it is apparant from reading over such affidavit, that he does not substantially contradict or vary the evidence contained in his previous affidavit; nor do either of the affidavits satisfy me that there has been a correct and accurate return made to the board of county canvassers of the votes cast in such district. It is not important in considering the present application to determine how great the errors are which are contained in the return as made; nor is it all important to consider whether they are sufficient or not to change the result of the election. A careful examination of the affidavits satisfies me that there is reasonable ground to believe that the return as made from the first district of Hunter is not accurate and the question therefore is: Shall this *mandamus* be granted, not for the purpose of declaring what errors exist and what corrections shall be made, but for the purpose of enabling the board of inspectors, who by their affidavits profess their willingness to reassemble and meet, so to meet and assemble that they may determine for themselves what is the just and true vote cast in such district for the office of county judge, and thus fulfill their duty under the law.

The statutes of the state require the inspectors of election in their return to make a true statement of the result of the election held in their district, and until they have so done, their duty under the law remains undischarged. If what pur-

ports to be a return has been made, which either by mistake or design is inaccurate and erroneous, they have not by making such erroneous statement and return discharged their duty under the law, and therefore as their duty is undischarged, they have not become *functus officio*. Only when they have complied with the statute, by making an accurate and true return of the votes cast for a particular office and the votes cast for each candidate for the office, has their duty under the law been discharged. If no return had been made, it would scarcely be doubted by anyone that even at this comparatively late period of time that a return could be compelled; and if a return could be compelled, when none had been made, it is equally clear that when one has been made which is erroneous and mistaken, that a true and accurate return can be required. The failure to make a return at all is no greater violation of the law than the making of an inaccurate and a false return. It is true that a court should be careful not to needlessly cause a return to be sent back to the inspectors of an election district for correction, but it should do so whenever the facts and circumstances proved to the satisfaction of the tribunal show that a mistake has in fact been made. That such a case is presented upon the papers used upon this motion seems clear, and without any detailed statement of the errors which have been made to appear, it is sufficient to say that upon all the evidence submitted, as well upon the part of the relator as upon the part of the board of county canvassers, there has not been made to the board of county canvassers a return of the result of the election district which is accurate and exact in every particular. Not only does such return fail accurately to state the votes cast for Matice and for Sanderson, but it also fails to state the votes which were cast for Raymond. From all the proofs submitted it is clear that votes for Raymond must have been cast. It is no answer to this statement to say that a return upon that point is unnecessary, because it cannot change or alter the result. Whether the result is

The People *ex rel.* Sanderson agt. Board of Canvassers of Green Co.

altered or not the law is uncomplied with, for that requires a correct statement of the votes cast for each and every candidate for the office, which confessedly has not been done. There is therefore, so far as I can see, no reason why such return should not be sent back to the board of inspectors for correction in those respects and particulars in which it is erroneous, defective, or not sufficiently full.

It is argued, however, by the board of county canvassers, in opposition to this motion, that no practical result can be attained by sending the return back for correction, because the canvass for the office of county judge was completed at the time the notice of this motion was served and a certificate granted to Manly B. Matice, who has already qualified for the office of county judge. It would be important to consider this position, if the question was now before the court as to the result and effect of the alleged canvass — the granting of the certificate and the qualification of the officer. But that question is not before me. No opinion is expressed upon the effect of an amended return, even though when amended it should be in accordance with the facts as claimed by the relator. The court is not now dealing with the question of the ultimate result, but only with the duty of the inspectors of election. It being clear from the papers that the return from such election district is erroneous, and thus that the law has not been complied with by such inspectors, it follows that the return must be sent back to such inspectors for correction.

For the reasons which have been stated, a *mandamus* must issue to the board of county canvassers requiring them to remit and to return to the board of inspectors of the first election district of the town of Hunter the return for such correction as they may see fit to make.